UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT PETE GOMEZ,<br><br>    Defendant. | No. CR-04-2126-FVS<br><br>**FINDINGS, CONCLUSIONS AND ORDER ON OBJECTIONS** |

   **THIS MATTER** came before the Court on July 28, 2005, for sentencing of the Defendant following his conviction FOR Possession of a Firearm by Prohibited Person, in violation of 18 U.S.C. §922(g)(1). The defendant appeared in person and with his attorney, Aaron Dalan. The government was represented by Robert Ellis, Assistant United States Attorney. This Order is intended to memorialize the Court's oral ruling made in open court concerning the Defendant's objection to the application of the Armed Career Criminal enhancement to his sentence.

   Title 18 U.S.C. § 924(e), known as the Armed Career Criminal Act (ACCA), mandates a 15-year minimum prison term for persons who violate 18 U.S.C. § 922(g)(1) by possessing a firearm and have three prior convictions for "violent felonies." *Shepard v. United States*, 125 S.Ct. 1254, 1257, 161 L.Ed.2d 205 (2005). The Presentence Report (PSR) recommends the Defendant qualifies for an enhanced sentence

FINDINGS, CONCLUSIONS AND ORDER ON OBJECTIONS - 1

under the ACCA because he has three or more prior convictions for crimes of violence. The four convictions proffered include: (1) 1996 residential burglary; (2) 1997 second-degree assault; (3) 2000 second-degree assault; and (4) 2000 intimidating a witness. The Defendant concedes that his 1997 and 2000 convictions for second-degree assault constitute crimes of violence. The Government concedes that the Defendant's 2000 conviction for intimidating a witness is not a crime of violence because of the extremely broad definition of "threat" found in RCW 9A.01.110(25). The Court concurs. Therefore, the determination of whether the Defendant qualifies for the ACCA enhancement turns on whether his prior state conviction for residential burglary qualifies as a "violent felony."

The Defendant contends his prior state conviction for residential burglary can not serve as a predicate offense under the ACCA for two reasons. First, the Defendant contends his conviction was not, as required by 18 U.S.C. 924(e)(2)(B), an offense "punishable by imprisonment for a term exceeding one year[.]" Second, the Defendant argues the Government cannot prove his prior state conviction for residential burglary satisfies the elements of burglary for purposes of section 924(e)(2)(B).

Although the Washington statute criminalizing residential burglary allows for a maximum punishment of ten years imprisonment, the Defendant's standard sentencing range under the Washington guidelines was 3 to 9 months. *See* RCW 9A.52.025(1) (categorizing residential burglary as Class B Felony); see also RCW 9A.20.020(1)(b) (stating maximum punishment for class B felony is 10 years). The

Defendant argues that after *Blakely v. Washington*, 542 U.S. 296, 125 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to determine whether an offense is "punishable" by a term of imprisonment exceeding one year, the Court must look to the relevant standard sentencing range, not the maximum sentence specified by statute. Together, *United States v. Booker*, 125 S.Ct. 783 (2005) and *Blakely* require all facts forming the basis of departure from a presumptive sentencing range to be established by a jury, beyond a reasonable doubt, or admitted by the defendant. Therefore, according to the Defendant, since the statutory maximum sentence is the maximum sentence a judge may impose without additional fact finding, a predicate crime under section 924(e)(2)(B) can only be determined by looking to the sentence actually imposed on the individual based on the facts found and the individual's criminal history.

    The Defendant's argument is foreclosed by *United States v. Moreno-Hernandez*, 2005 WL 1560269, at 8 (9th Cir. July 5, 2005) (holding that Blakely could not have altered the defendant's "maximum possible sentence at the time of his 1999 Oregon state conviction" because Blakely was not in effect at that time). For purposes of ascertaining whether a predicate offense constitutes a "felony" for federal sentencing purposes, the Court is concerned only with the maximum possible sentence at the time of the Defendant's prior conviction. *Moreno-Hernandez*, 2005 WL 1560269, at 8. *Blakely* could not have affected the Defendant's maximum possible sentence at the time of his 1996 state conviction for residential burglary because *Blakely* was not in effect at that time. Accordingly, the Court

FINDINGS, CONCLUSIONS AND ORDER ON OBJECTIONS - 3

1  determines the Defendant's prior state conviction for residential
2  burglary, which carried a maximum sentence of 10 years imprisonment
3  under the Washington statute of conviction, qualifies as a "crime
4  punishable by a term of imprisonment exceeding one year" under
5  section 924(e)(2)(B).  Therefore, the only remaining issue is whether
6  the Defendant's state conviction for residential burglary satisfies
7  the elements of burglary under section 924(e)(2)(B)(ii).

8  Because the ACCA does not define burglary, in *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court established a generic definition of burglary for purposes of section 924(e)(2)(B): "unlawful or unprivileged entry into, or remaining in a building or structure, with intent to commit a crime."  "A court generally must apply a categorical approach at sentencing to determine whether a defendant was convicted of conduct which included these elements of generic burglary.  That is, it may 'look only to the fact of conviction and the statutory definition of the prior offense.'" *United States v. Smith*, 390 F.3d 661, 663 (9th Cir. 2004) (citing *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143).

The Government concedes that under the Taylor categorical approach, a violation of Washington's residential burglary statute does not constitute a "violent felony" for purposes of the ACCA because the Washington statutory definition of residential burglary is broader than that of the federal generic definition of burglary. *See United States v. Wenner*, 351 F.3d 969 (9th Cir. 2003) (concluding that residential burglary under Washington law does not meet the generic definition of "burglary of a dwelling" under U.S.S.G.

FINDINGS, CONCLUSIONS AND ORDER ON OBJECTIONS - 4

§ 4B1.2(a)(2) because under Washington law, a "dwelling" can include a fenced area, a railway car, or a cargo container, but Taylor limits burglary to buildings or other structures). The Government contends the Court can find the Defendant's conviction satisfies the elements of generic burglary under the modified categorical approach. *See Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). In support of this argument the Government proffered the Information, the Judgment on Plea of Guilty, and the Statement of Defendant on Plea of Guilty.

Under the modified categorical approach, the Court conducts "a limited examination of documents in the record of conviction to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute was facially overinclusive." *Wenner*, 351 F.3d at 972 (citations omitted). The Supreme Court recently extended the modified categorical approach to cases resolved by guilty pleas. *See Shepard*, 125 S.Ct. 1254. There the Supreme Court held that "enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 125 S.Ct. at 1263. The "government has the burden to establish clearly and unequivocally that the conviction was based on all the elements of a qualifying

FINDINGS, CONCLUSIONS AND ORDER ON OBJECTIONS - 5

predicate offense." *United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004).

Having reviewed the evidence, the Court finds the Government satisfied its burden of demonstrating that the Defendant's conviction for residential burglary satisfies the elements of generic burglary as it is defined by the Guidelines and relevant case law.  Here, the Information charged the Defendant with burglarizing a "dwelling other than a vehicle", specifically, "418 Liberty Avenue, Granger, Washington, the residence of Curtis Willey".  Although this satisfies all of the elements of generic burglary, the Court may not rely on the Information alone. *Wenner*, 351 F.3d at 974 (citing *United States v. Parker*, 5 F.3d 1322, 1327 (9th Cir. 1993) (holding that a "sentencing court may not rely upon the charging paper alone in determining if a prior jury conviction was for a 'violent felony.'") and *United States v. Bonat*, 106 F.3d 1472, 1477 (9th Cir. 1997) (stating that if district court had relied solely on charging document, instead of also considering the Judgment on Plea of Guilty, it would have been error)).  However, the Court is permitted to rely on the Information in conjunction with the Defendant's Statement on Plea of Guilty and the Judgement on Plea of Guilty.  The Court notes that the cause number on the Information charging the Defendant with residential burglary is the same cause number that is listed on both the Judgment on Plea of Guilty and the Defendant's Statement on Plea of Guilty.  Further, the Court notes that the Defendant's Judgement on Plea of Guilty indicates he was adjudged guilty of residential burglary as charged in Count 1 of the Information.  Since, the

Information on Count I charged the Defendant with burglarizing a specific residence, the Court concludes that the Defendant necessarily pled guilty to the specific offense outlined in the Information. *See Bonat*, 106 F.3d at 1477-78. Therefore, the Defendant pled guilty to the elements of generic burglary. The fact that the Defendant entered a nolo contendere plea / Alford Plea is of no consequence in assessing whether the conviction may be counted as a predicate offense. *United Sates v. Smith*, 390 F.3d 661, 665 (9th Cir. 2004), as amended 405 F.3d 726 (9th Cir. 2005).

The Government also wants the Court to rely on the fact that the same agency number was referenced in the Judgment and the Indictment. However, the Court did not consider this evidence in reaching its determination because this would require the Court to look beyond the acceptable judicial record. *See Shepard*, 125 S.Ct. at 1263. The Court notes that the Government also submitted police records related to the Defendant's residential burglary conviction. However, the Court did not consider the police records. In determining whether the Defendant's prior conviction for residential burglary qualified as a predicate offense for purposes of the ACCA, the Court only considered the Information, the Statement of Defendant on Plea of Guilty, and the Judgment on Plea of Guilty.

For the reasons discussed above and on the record, the Court concludes that the Defendant's prior state conviction for residential burglary constitutes a crime of violence under the ACCA. Accordingly, the Defendant's objection to the application of the ACCA to his sentence is overruled.

1  //

2  **IT IS SO ORDERED.**  The District Court Executive is hereby
3  directed to enter this Order and furnish copies to counsel.

4  **DATED** this 4th day of August, 2005.

                          s/ Fred Van Sickle
                           Fred Van Sickle
                     United States District Judge

FINDINGS, CONCLUSIONS AND ORDER ON OBJECTIONS - 8